977 F.2d 572
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Arlis HODGES, Petitioner-Appellant,
v.
William S. LAWHON, Respondent-Appellee.
 No. 92-6637.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 2, 1992.
Decided Sept. 28, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke, No. CA-91-625-R; Jackson L. Kiser, District Judge.
 Donald Arlis Hodges, appellant pro se.
 Richard Bain Smith, Asst. Atty. Gen., Richmond, Va., for appellee.
 W.D.Va.
 DISMISSED.
 Before PHILLIPS, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Donald Arlis Hodges appeals from a district court order dismissing his 28 U.S.C. § 2254 (1988) petition. The court below found that six of Hodges's claims had been previously decided against him in a prior § 2254 action, and that Hodges had failed to show that the ends of justice required reconsideration of those claims. Sanders v. United States, 373 U.S. 1, 7-8 (1963). The court further found that the remaining two claims were new claims, the facts of which were known to Hodges at the time of his prior § 2254 petition, that were not raised in that petition. Thus the court dismissed these claims as an abuse of the writ pursuant to Rule 9(b), Rules Governing § 2254 Cases. We deny a certificate of probable cause to appeal and dismiss.
 
 
 2
 Although the doctrine of res judicata does not apply to § 2254 actions, a petitioner must show that the ends of justice require reconsideration of any claims already found against him in a prior § 2254 decision. Sanders, 373 U.S. at 7-8. The record is completely devoid of any such showing. Thus the district court properly dismissed the six claims in the present petition that had already been decided against Hodges in his prior petition.
 
 
 3
 The district court dismissed Hodges's two remaining claims as an abuse of the writ. Those claims both involved the effectiveness of Hodges's counsel. Because Hodges raised allegations of ineffective assistance of counsel in his previous habeas petition, these claims were successive and should have been dismissed for that reason. See Miller v. Bordenkircher, 764 F.2d 245, 248-49 (4th Cir.1985). We deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 DISMISSED.